UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AARON TASSIN                                         CIVIL ACTION

VERSUS                                               NO: 24-1795

BUCK KREIHS MARINE REPAIR, LLC                       SECTION: "A" (1)
AND MORAN TOWING
CORPORATION

## ORDER AND REASONS

Before the Court is a **Motion for Partial Summary Judgment Regarding Punitive Damage Claim (Rec. Doc. 25)**, filed by Defendant Buck Kreihs Marine Repair, LLC ("Buck Kreihs"). Plaintiff Aaron Tassin opposes the motion. The motion, noticed for submission on June 25, 2025, is before the Court on the briefs and without oral argument. For the following reasons, the motion is denied.

### I.    Background

This is a maritime-tort action arising out of injuries Plaintiff Aaron Tassin sustained when he was struck by a heavy piece of metal that fell 8 feet from the roof of a ballast motor on the Charleston Barge.[1] The barge was owned by Defendant Moran Towing and located at a repair facility operated by Defendant Buck Kreihs.[2]

At the time of his injury, Mr. Tassin was employed as a service supervisor in the electrical department of a company called Rio Marine.[3] In December 2022, Moran Towing hired Buck Kreihs to make certain repairs to the Charleston Barge, who then hired Rio Marine to perform certain electrical work.[4] On December 22, 2022, Mr. Tassin arrived at the Charleston Barge to disconnect the motor

[1] Rec. Doc. 1, ¶ 17.

[2] Rec. Doc. 1, ¶ 12

[3] Rec. Doc. 25-1, at 1.

[4] Rec. Doc. 25-6, Statement of Uncontested Facts, ¶ 5.

wiring on the barge's port-side ballast motor.[5] Around the same time he was performing his tasks, a crew of Buck Kreihs employees were in the process of removing the top metal cover on the same ballast motor.[6] Tassin completed his work and was proceeding to deboard when "the top metal plate slid off of the housing of the port ballast motor and fell approximately eight feet, striking him and knocking him to the floor of the Charleston Barge."[7] Despite sustaining the blow from the metal plate, Mr. Tassin was able to exit the barge without assistance before seeking medical attention.[8] Various injuries presented themselves after the incident, which have limited Mr. Tassin's ability to return to the work force and caused emotional distress to his spouse.[9]

Mr. Tassin filed this three-count lawsuit in July 2024.[10] In his first count he alleges that Buck Kreihs and Moran Towing are liable under general maritime law for the negligent acts and omissions that led to his injuries.[11] His second count, asserted only against Moran Towing, alleges that it is liable for negligence under Section 905(b) of the Longshore and Harbor Worker's Compensation Act.[12] And his third count—the target of the instant motion—alleges that Buck Kreihs and Moran Towing are liable for punitive damages on the basis that their negligent acts or omissions "were willful and wanton, and undertaken with reckless disregard for the safety of workers such as Plaintiff."[13]

The present motion was filed on May 23, 2025, and was accompanied by a companion motion seeking summary judgment as to Plaintiff's general negligence claims against Moran Towing.[14]

---

[5] Rec. Doc. 1, ¶ 13.

[6] Rec. Doc. 1, ¶ 16.

[7] Rec. Doc. 1, ¶ 17.

[8] Rec. Doc. 1, ¶ 19.

[9] Rec. Doc. 1, ¶ 28.

[10] *See* Rec. Doc. 1.

[11] Rec. Doc. 1, ¶¶ 30–33.

[12] Rec. Doc. 1, ¶¶ 34–35 (citing 33 U.S.C. § 905(b)).

[13] Rec. Doc. 1, ¶ 36.

[14] *See* Rec. Doc. 24; Rec. Doc. 25

Plaintiff did not oppose the companion motion; accordingly, the motion was granted and the claims against Moran Towing were dismissed on June 13, 2025.[15]

## II.    Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "An issue is material if its resolution could affect the outcome of the action." *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000). All reasonable inferences are drawn in favor of the nonmoving party. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). There is no genuine issue of material fact if, after drawing all reasonable inferences in favor of the nonmoving party, no reasonable trier of fact could find in the nonmoving party's favor. *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).

If the dispositive issue is one on which the nonmoving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the nonmovant's claim, or (2) demonstrating there is no evidence in the record to establish an essential element of the nonmovant's claim. *Celotex*, 477 U.S. at 322–24 (Brennan, J., dissenting).[16] When proceeding under the first option, if the nonmoving party

---

[15] *See* Rec. Doc. 30.

[16] *See also St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citing Justice Brennan's statement of the summary judgment standard in *Celotex*, 477 U.S. at 322–24, and requiring the movants to submit affirmative evidence to negate an essential element of the nonmovant's claim or, alternatively, demonstrate the nonmovant's evidence is insufficient to establish an essential element); *Fano v. O'Neill*, 806 F.2d 1262, 1266 (5th Cir. 1987) (citing Justice Brennan's dissent in *Celotex*, and requiring the movant to make an affirmative presentation to negate the nonmovant's claims on summary judgment); 10A Wright, Miller & Kane, Fed. Prac. and Pro. § 2727.1 (2016) ("Although the Court issued a

cannot muster sufficient evidence to dispute the movant's contention that there are no disputed facts, a trial would be "useless," and the moving party is entitled to summary judgment as a matter of law. *Id.* at 331 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)); *see also First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1980); When, however, the movant is proceeding under the second option and is seeking summary judgment on the ground that the nonmovant has no evidence to establish an essential element of the claim, the nonmoving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party." *Id.* at 332–33.

Under either scenario, the burden then shifts back to the movant to demonstrate the inadequacy of the evidence relied upon by the nonmovant. *Id.* If the movant meets this burden, "the burden of production shifts [back again] to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)." *Id.* at 332–33, 333 n.3. "Summary judgment should be granted if the nonmoving party fails to respond in one or more of these ways, or if, after the nonmoving party responds, the court determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for trial." *Id.* at 333 n.3 (citing *First Nat'l Bank of Ariz.*, 391 U.S. at 289).

## III. Law & Analysis

### i. Punitive Damages under General Maritime Law

"Under the general maritime law, punitive damages may be available if the plaintiff proves that the defendant's 'behavior . . . is more than merely negligent,' but rather was so egregious as to

---

five-to-four decision, the majority and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case." (internal citations omitted)).

constitute gross negligence, reckless or callous disregard for the rights of others, or actual malice or criminal indifference." *In re Crosby Marine Trans., L.L.C.*, No. 17-14023, 2021 WL 1931168, at *4 (E.D. La. May 13, 2021) (quoting *Maritrans Operating Partners v. Diana T*, No. 97-1916, 1999 WL 144458, at *7 (E.D. La. Mar. 15, 1999)). "The theory of a punitive damage award is that the defendant has committed the civil equivalent of a crime." 1 Thomas J. Schoenbaum, Admiralty and Maritime Law § 5:10 (6th ed. 2020). "Punitive damages are awarded both to punish the particular defendant and to deter similar conduct by others." *Id.* "Punitive damages are limited to cases of 'enormity,' that is, where a defendant's conduct is outrageous, owing to gross negligence, willful, wanton, and reckless indifference for others' rights, or even more deplorable conduct." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 492 (2008).

The standard for conduct exceeding the threshold for punitive damages is well exhibited in *Exxon Shipping Company v. Baker*, 554 U.S. 471 (2008), which has been explained as follows:

> The conduct warranting the imposition of punitive damages in Exxon Shipping included Exxon's failure to monitor its captain once he returned to duty after dropping out of the prescribed course of treatment for his alcoholism and backsliding into his former drinking habits, all of which was known to Exxon; the captain's inexplicable abandonment of his post on the bridge of the 900-foot oil tanker two minutes before a critical turn to avoid a reef, even though he was the only person onboard the ship licensed to navigate this part of the Prince William Sound; and the captain's excessive blood-alcohol level in the wake of the grounding and 11-million gallon oil spill.

*In re Crosby*, 2021 WL 1931168, at *4 (summarizing *Exxon Shipping Co.*, 554 U.S. at 476–80).

## ii. Plaintiff has presented issues of material fact sufficient to overcome summary judgment.

"A punitive damage claim under maritime law has historically been held to be highly fact intensive." *Gonzalez v. Sea Fox Boat Co. Inc.*, 582 F. Supp. 3d 378, 386 (W.D. La. 2022) (citing *In re Complaint of Merry Shipping, Inc.*, 650 F.2d 622, 625 (5th Cir. 1981)). The Court finds that Plaintiff has set forth genuine issues of material fact for trial regarding the alleged nature of Defendant Buck Kreihs' conduct. These issues include (but are not limited to) Buck Kreihs' alleged reckless

indifference for others' rights through its job site supervision, failure(s) to adhere to internal safety polices, and hiring practices.[17]

Accordingly;

**IT IS ORDERED** that **Motion for Partial Summary Judgment Regarding Punitive Damage Claim (Rec. Doc. 25)**, is **DENIED**.

July 1, 2025

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[17] *See* Rec. Doc. 31, at 4–10. This finding is bolstered by the fact that Buck Kreihs did not carry its burden to demonstrate the inadequacy of the evidence contained in Plaintiff's opposition because it did not file a reply in support of its motion. *Celotex*, 477 U.S. at 332–33.